IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

PROGRESSIVE CASUALTY )
INSURANCE COMPANY, et al., )
         )
     Plaintiffs, )
         )   Case No. 18-00231-CV-W-ODS
vs. )
         )
JASON BOWERS, et al., )
         )
     Defendants. )

<u>ORDER AND OPINION GRANTING DEFENDANTS' MOTIONS TO DISMISS</u>

   Currently pending are four motions to dismiss filed by Defendants.  Docs. #9-12.
For the following reasons, Defendants' motions are granted.

## I.   BACKGROUND

   Jason Bowers was injured in April 2015 while he was a passenger on an all-
terrain vehicle ("ATV") driven by his wife, Samantha Bowers.  Doc. #1, ¶¶ 8, 11.  Neither
Jason Bowers nor Samantha Bowers owned the ATV.  *Id.*, ¶ 12.  In October 2017,
counsel for Mr. Bowers sent a letter to Progressive Insurance Company[1] stating Mr.
Bowers sustained bodily injuries during the accident.  Doc. #1-1.  Counsel indicated Mr.
Bowers had uninsured motorist coverage of $25,000 through Progressive, and "will
settle his uninsured motorist claims against Progressive for the total available uninsured
motorist coverage."  *Id.*  Mrs. Bowers has not made a claim.  Doc. #1, ¶ 10.

   Progressive Casualty Insurance Company ("Progressive Casualty) issued a
Commercial Auto Policy ("commercial policy") to Mr. Bowers and Perfect Landscaping &
Construction, LLC, with a policy period of August 20, 2014, to August 20, 2015.  Doc.
#1-2.  According to Progressive Casualty, Mr. Bowers has made a claim for uninsured
motorist coverage under the commercial policy, but has not made a claim for bodily
injury under the commercial policy.  Doc. #1, ¶¶ 9, 21, 30.

---

[1] Because the letter was addressed to "Progressive Insurance Company," it is unclear if
the letter was sent to either or both Plaintiffs.

Progressive Advanced Insurance Company ("Progressive Advanced") issued a Direct Auto Policy ("personal policy") to Mr. Bowers with a policy period of January 26, 2015, to July 26, 2015.  Doc. #1-3.  According to Progressive Advanced, Mr. Bowers has made a claim for uninsured motorist coverage under the personal policy, but has not made a claim for bodily injury under the personal policy.  Doc. #1, ¶¶ 35, 40.

On March 28, 2018, Progressive Casualty and Progressive Advanced filed this declaratory judgment action against Mr. Bowers, Mrs. Bowers, and Perfect Landscaping.  Plaintiffs seek an order declaring the two insurance policies do not provide coverage for any claims made by Jason Bowers.  Plaintiffs maintain this Court has diversity jurisdiction because the parties are citizens of different states, and the amount in controversy exceeds $75,000.

On April 19, 2018, Defendants filed four motions to dismiss.  Mr. and Mrs. Bowers filed a motion to dismiss Progressive Casualty's claims (Doc. #9), and a motion to dismiss Progressive Advanced's claims (Doc. #10).  Perfect Landscaping filed two motions to dismiss, incorporating by reference the arguments set forth by Mr. and Mrs. Bowers in their motions.  Doc. #11-12.  Defendants argue the Court lacks subject matter jurisdiction, and this matter must be dismissed.

## II.    DISCUSSION

The party invoking federal jurisdiction bears the burden of demonstrating jurisdiction exists.  *See Iowa League of Cities v. E.P.A.*, 711 F.3d 844, 870 (8th Cir. 2013).  To invoke diversity jurisdiction, the parties must be citizens of different states and the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  Plaintiffs allege this matter involves citizens of different states, and the amount in controversy exceeds $75,000.  Defendants argue complete diversity of citizenship does not exist, and the amount in controversy does not exceed $75,000.

### A.  Diversity of Citizenship

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."  *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted).  Plaintiffs allege (and Defendants

do not dispute) Mr. and Mrs. Bowers are citizens of Missouri. Doc. #1, ¶¶ 4-5; Doc. #9, at 4: Doc. #10, at 4. Plaintiffs contend Perfect Landscaping is a "Missouri Limited Liability Corporation and is a resident of the State of Missouri." *Id.*, ¶ 3. For a limited liability company, this is not the proper test for citizenship. *See OnePoint Sols.*, 486 F.3d at 346 (stating "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members."). Plaintiffs did not identify the member(s) of Perfect Landscaping, and consequently, also failed to identify the citizenship of the member(s). However, in their motions to dismiss, Defendants state they are all Missouri citizens. Doc. #9, at 4; Doc. #10, at 4.[2]

Plaintiffs allege they are citizens of Ohio because their corporations are organized under the laws of Ohio, and their principal place(s) of business are located in Ohio. Doc. #1, ¶¶ 1-2. Defendants does not dispute these allegations. But Defendants argue Plaintiffs, as out-of-state insurance companies doing business in Missouri, are also considered citizens of Missouri because the insureds are Missouri citizens. Plaintiff cites 28 U.S.C. § 1332, which, in relevant part, is as follows:

> [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed to be a citizen of (A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has been incorporated; and (C) the State or foreign state where the insurer has its principal place of business….**

28 U.S.C. § 1332(c)(1)(A)-(C) (emphasis added). The Supreme Court has held the "direct action proviso" (the bolded portion of the statute) is not applicable in cases where the action is brought by an insurer. *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9 (1989). "The language of the provision could not be more clear. It applies only to actions *against* insurers; it does not mention actions *by* insurers." *Id.* (emphasis in

---

[2] Defendants did not identify the member(s) of Perfect Landscaping or the citizenship of its member(s), but the Court accepts Defendants' representation as to the citizenship of Perfect Landscaping. Regardless, the Court, as explained *infra*, does not have subject matter jurisdiction because the jurisdictional amount requirement has not been met. As such, the citizenship of Perfect Landscaping is inconsequential.

original); *see also Consumers Ins. USA, Inc. v. Fleetwood*, No. 12-CV-3113-RED, 2012 WL 13027386, at *1 (W.D. Mo. May 16, 2012); *Prendergast v. All. Gen. Ins. Co.*, 921 F. Supp. 653, 655 (E.D. Mo. 1996).[3]

Plaintiffs filed this declaratory judgment action against their insureds arguing the insurance policies afford no coverage for potential claims arising from the April 2015 ATV accident. This is not a "direct action," as contemplated by section 1332(c)(1) because the matter is not "against the insurer of a policy…." *Northbrook Nat'l Ins.*, 493 U.S. at 9; *Consumers Ins. USA*, 2012 WL 13027386, at *1 (citation omitted); *Prendergast*, 921 F. Supp. at 655. Accordingly, Plaintiffs are not citizens of the states of their insureds. Because complete diversity exists, Defendants' motion to dismiss this matter is denied in this regard.

## B. Amount in Controversy

"Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (internal quotations and citations omitted). "If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (citations omitted). If a court can "legally conclude, from the pleadings and proof adduced…before trial, that the damages the plaintiff suffered are greater than $75,000," the court has subject matter jurisdiction. *Id.* at 885. But the complaint must be dismissed if it appears to a "legal certainty that the value of

---

[3] Courts have uniformly recognized section 1332(c) "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." *Home Indem. Co. v. Moore*, 499 F.2d 1202, 1205 (8th Cir. 1974). Courts have further recognized that in employing the phrase "direct action," Congress intended "to refer to statutes such as those in Louisiana and Wisconsin which allow a party injured by the negligence of an insured to pursue his right of action against the insurer alone." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir. 1979) (quotation omitted).

the claim is actually less than the required amount." *In re Minn. Mut. Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834 (8th Cir. 2003).

In an action seeking declaratory relief, "the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (quoting *Hunt v. Wash. State Apple Advert., Comm'n,* 432 U.S. 333, 347 (1977)).  When a party is seeking a determination as to whether a claim is covered by an insurance policy, the court must look to the value of the underlying claim.  *See State Farm Mut. Auto. Ins. Co. v. Ripley*, No. 17-CV-203-RK, 2017 WL 6273085, at *2 (W.D. Mo. Dec. 8, 2017); *Lowe v. First Fin. Ins. Co.*, No. 14-801-JTM, 2015 WL 753139, at *4-5 (W.D. Mo. Feb. 23, 2015) (noting the applicable insurance policy's limit was $50,000, and the amount in controversy requirement was not met).  Plaintiffs seek "a determination as to whether the policies at issue provide for coverage for any potential claims" by Mr. Bowers.  Doc. #1, at 18; Doc. #15, at 5-6.  Plaintiffs set forth three general reasons why the amount in controversy requirement has been met in this declaratory judgment action.

### (1) Aggregating Plaintiffs, Policies, and Limits

Plaintiffs contend the Court should consider the limits for uninsured motorist coverage as well as the limits for personal injury coverage when calculating the amount in controversy.  Doc. #15, at 7.  The commercial policy (issued by Progressive Casualty to Mr. Bowers and Perfect Landscaping) includes uninsured motorist coverage up to $50,000 per person, and bodily injury coverage up to $100,000 per accident.  Doc. #1-2, at 3.  The personal policy (issued by Progressive Advanced to Mr. Bowers) includes uninsured motorist coverage up to $25,000 per person, and bodily injury coverage up to $25,000 per person.  Doc. #1-3, at 2.  Plaintiffs argue the sum of the policies' limits for uninsured motorist coverage and bodily injury coverage, which is $200,000, satisfies the amount in controversy.  This argument fails for two reasons.

First, Plaintiffs fail to establish they can aggregate their claims to satisfy the jurisdictional amount requirement.  *See Snyder v. Harris*, 394 U.S. 332, 335-336 (1969) (stating "[w]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be the

requisite jurisdictional amount," but in cases where "two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest" may aggregate their claims) (quoting *Troy Bank of Troy, Ind. v. G.A. Whitehead & Co.*, 222 U.S. 39, 40-41 (1911)).  Plaintiffs' claims are based on "two separate policies" (as described by Plaintiffs, *see* Doc. #15, at 7) issued by different insurance companies involving at least one different insured.  Doc. #1.  Although they bear the burden, Plaintiffs have not established, by a preponderance of the evidence, they seek to enforce a right in which they have an "undivided interest."  Even if the Court, for argument's sake, were to consider the limits for uninsured motorist coverage <u>and</u> bodily injury coverage, the personal policy issued by Progressive Advanced has a combined limit of $50,000 for uninsured motorist coverage and bodily injury coverage.  Thus, Progressive Advanced cannot satisfy the jurisdictional amount requirement, and the Court does not have jurisdiction over Progressive Advanced's claims.

Second, regardless of whether Plaintiffs can aggregate their claims, Mr. Bowers, as set forth in the Complaint, has not made a claim for bodily injury.  Doc. #1, ¶¶ 29, 40.  This fact is further demonstrated by the letter attached to the Complaint, which states Mr. Bowers "has uninsured motorist coverage of $25,000," and is willing to "settle his uninsured motorist claims" for the total available.  Doc. #1-1.  The insurance policies' bodily injury coverage limits are not the object of this litigation.  As such, the value of the bodily injury coverage limits will not be considered by the Court when calculating the value of the object of this litigation.

Plaintiffs ask the Court to declare the insurance policies provide no coverage to Mr. Bowers.  Mr. Bowers has asserted a claim for uninsured motorist coverage only.  If the Court were to declare the uninsured motorist coverage in both policies applied, Progressive Advanced would pay no more than the policy limit of $25,000, and Progressive Casualty would pay no more than the policy limit of $50,000.  *See State Farm Mut. Auto. Ins. Co. v. Jablonski*, No. 16-CV-1230-SRB (W.D. Mo. Mar. 8, 2017) (Doc. #13, at 5-6) (finding "the value of the object of litigation and specific performance sought by State Farm in this case is [the policy limit of] $50,000."); *Lowe v. First Fin. Ins. Co.*, No. 14-801-JTM, 2015 WL 753139, at *4-5 (W.D. Mo. Feb. 23, 2015) (noting the only insurance policy that may apply had a policy limit of $50,000, and therefore, the

amount in controversy requirement was not met). Thus, neither Plaintiff satisfies the required jurisdictional amount.

Even if the Court were to allow Plaintiffs to aggregate the value of their claims, the amount in controversy requirement is still not met. When aggregated, the total amount is $75,000, which is one penny short of the jurisdictional amount requirement. *See Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 252-55 (6th Cir. 2011) (finding the district court lacked subject matter jurisdiction over a declaratory judgment action because the value of the underlying claim was exactly $75,000). Neither Plaintiff has demonstrated it would have to pay more than the applicable policy limit for uninsured motorist coverage. Thus, Plaintiffs have not established, by a preponderance of the evidence, that this Court has jurisdiction. *Kopp*, 280 F.3d at 884. Accordingly, the Court lacks subject matter jurisdiction, and the matter must be dismissed.

### (2) Potential Claim by Mr. Bowers

Plaintiffs argue the Court should consider a vexatious refusal claim Mr. Bowers has not brought but could bring. Doc. #15, at 8. They argue the applicable Missouri statute allows for recovery of attorneys' fees, which the Court may consider when calculating the amount in controversy. *Id.* Plaintiffs assert the fees and damages Mr. Bowers may recover for a vexatious refusal claim would satisfy the amount in controversy. But Mr. Bowers has not alleged a counterclaim for vexatious refusal to pay. Doc. #13. And even if he were to file such a counterclaim, this Court's jurisdiction is measured at the time the matter commences. *See Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011) (citation omitted); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004) (citation omitted) (stating "the jurisdiction of the court depends upon the state of things at the time of the action brought."). Mr. Bowers has made a claim for coverage under an insurance policy. He has not alleged a claim for vexatious refusal, and Plaintiffs fail to set forth authority for their proposition the Court should consider a potential claim in calculating the amount in controversy. Accordingly, the Court will not consider the value of a potential counterclaim by Mr. Bowers.

7

**(3) Alleged Injuries and Medical Expenses**

Finally, Plaintiffs contend Mr. Bowers has sustained "significant medical injuries" and incurred more than $139,000 in medical expenses.  Doc. #15, at 6.  Thus, they argue the value of the underlying claim exceeds $75,000.  *Id.* at 6.  Plaintiffs, however, do not set forth any legal authority indicating Mr. Bowers could recover more than the policy limits for his injuries and expenses.  Accordingly, Plaintiffs have not established by a preponderance of the evidence that the value of the uninsured motorist coverage is more than the limit set forth in the policy.

### III.    CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are granted, and the matter is dismissed.

IT IS SO ORDERED.

DATE:  June 15, 2018

<u>/s/ Ortrie D. Smith</u>
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT